J-S30002-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| SHERMAN MCGETH | |
| Appellant | No. 2322 EDA 2015 |

Appeal from the PCRA Order June 26, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0102841-1997

BEFORE:  GANTMAN, P.J., FORD ELLIOTT, P.J.E., and JENKINS, J.

JUDGMENT ORDER BY GANTMAN, P.J.:                **FILED JUNE 06, 2016**

Appellant, Sherman McGeth, appeals from the order entered in the Philadelphia County Court of Common Pleas, which denied his serial petition filed under the Post Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546.  On April 17, 1998, a jury convicted Appellant of six counts of robbery, possessing an instrument of crime, and criminal conspiracy, in connection with Appellant's and a cohort's armed robbery of a bar and its patrons.  The court sentenced Appellant on December 16, 1998, to an aggregate term of 20 to 40 years' imprisonment.  This Court affirmed the judgment of sentence, and our Supreme Court denied allowance of appeal on August 22, 2000.  ***See Commonwealth v. McGeth***, 757 A.2d 994 (Pa.Super. 2000), *appeal denied*, 564 Pa. 728, 766 A.2d 1245 (2000).

Appellant timely filed his first PCRA petition *pro se* on October 30,

2000. The PCRA court appointed counsel, entered Rule 907 notice, and ultimately denied Appellant's petition on October 28, 2002. Appellant subsequently filed another unsuccessful PCRA petition. Appellant filed the current PCRA petition *pro se* on March 16, 2015. The PCRA court issued Rule 907 notice, and denied Appellant's petition as untimely on June 26, 2015. The PCRA court did not order a Rule 1925(b) statement, and Appellant filed none.

The timeliness of a PCRA petition is a jurisdictional requisite. ***Commonwealth v. Hackett***, 598 Pa. 350, 956 A.2d 978 (2008), *cert. denied*, 556 U.S. 1285, 129 S.Ct. 2772, 174 L.Ed.2d 277 (2009). A PCRA petition must be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A § 9545(b)(1). A judgment is deemed final at the conclusion of direct review or at the expiration of time for seeking review. 42 Pa.C.S.A. § 9545(b)(3). The three statutory exceptions to the timeliness provisions in the PCRA allow for very limited circumstances under which the late filing of a petition will be excused. 42 Pa.C.S.A. § 9545(b)(1). A petitioner asserting a timeliness exception must file a petition within sixty days of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2). Section 9545(b)(1)(ii) requires the petitioner to allege and prove facts unknown to him, which he could not have ascertained by the exercise of due diligence. ***See*** 42 Pa.C.S.A. § 9545(b)(1)(ii). Furthermore, when asserting the newly created constitutional right exception under

Section 9545(b)(1)(iii), "a petitioner must prove that there is a 'new' constitutional right and that the right 'has been held' by that court to apply retroactively." *Commonwealth v. Chambers*, 35 A.3d 34, 41 (Pa.Super. 2011), *appeal denied*, 616 Pa. 625, 46 A.3d 715 (2012).

Instantly, Appellant's judgment of sentence became final on November 20, 2000. Appellant filed his current petition on March 16, 2015, more than 14 years later; thus, the petition is patently untimely. *See* 42 Pa.C.S.A. § 9545(b)(1). Appellant attempts to invoke the timeliness exceptions pursuant to Sections 9545(b)(1)(ii) and (iii), by alleging under (ii) that Appellant's cohort admitted to committing the robbery, with Appellant as an accomplice, and under (iii) that this exculpatory information was withheld from Appellant in violation of *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), thus denying Appellant his 6th Amendment right to confrontation. With respect to Section 9545(b)(1)(ii), who committed the robbery and who was the accomplice were facts known to Appellant at the time of his trial, and, therefore, do not constitute "new facts" for the timeliness exception. Regarding Section 9545(b)(1)(iii), *Brady* does not serve as a newly recognized constitutional right exception to an otherwise untimely PCRA petition. Moreover, the current petition was filed more than 60 days after *Brady* was decided. Accordingly, Appellant's petition remains time-barred.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>6/6/2016</u>